UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stanley Lee Moultrie, | ) | C/A No. 9:14-1690-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Director William Byars, Jr., *South Carolina Department of* | ) | **REPORT AND** |
| *Corrections Director*; Bryan P. Stirling; Governor Nikki | ) | **RECOMMENDATION** |
| Haley; Attorney General Alan Wilson; Deputy Director | ) | |
| Robert Ward; S.C.D.C. General Counsel Dayne Haile; | ) | |
| Christopher Florian; Ann Hallman, *Agency Grievance* | ) | |
| *Coordinator*; Maria Leggins, *Agency Mailroom* | ) | |
| *Coordinator*; Willie Eagleton, *Evan Warden*; Associate | ) | |
| Warden McFadden; Major C. West; Bethea Lt. Michael | ) | |
| Toms; Ms. Baker, *Mailroom Coordinator*; Ms. Graves, *ECI* | ) | |
| *Grievance Coordinator*; Pamela McDowell, *Mailroom* | ) | |
| *Supervisor*; Lt. James Martin; Sgt. H. Sims; Associate | ) | |
| Warden Bush, *Lee CI*; Associate Warden Nolan; Associate | ) | |
| Warden Dean; K. Rivers, *Lee CI Grievance Coordinator*; | ) | |
| Jimmy Sleigh; Deputy Warden; Lt. Jack Brown; Cecil | ) | |
| Wilson; Ms. Conyers, *Lee CI Officer*; General Counsel | ) | |
| Tatarsky; Deputy Director McCall, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This case was originally filed by the Plaintiff, *pro se*, in the South Carolina Court of Common Pleas, and was subsequently removed to this United States District Court by the Defendants on April 28, 2014. Plaintiff is an inmate with the South Carolina Department of Corrections (SCDC).



In his Complaint, Plaintiff asserts numerous claims concerning incidents that allegedly occurred at the Lee Correctional Institution and the Evans Correctional Institution when he was incarcerated in those prisons, including interference with his legal mail as well as Eighth Amendment claims for excessive force and deliberate indifference to medical needs. Plaintiff has now filed a motion for injunctive relief, complaining that he is in "security lock-up" and is not being provided with adequate access to law books and/or legal assistance, which is prejudicing him in his pursuit of this lawsuit as well as with respect to defending himself against disciplinary charges. Plaintiff also complains about the conditions of his confinement, and that "gangs control the prison yard". Plaintiff seeks an order from this Court requiring the Defendants to provide him with "adequate access to law books" and any other appropriate "litigate engine" he could use, to provide him with notary services, and requiring the Defendants to allow him to photocopy his materials rather than Plaintiff having to hand write them. Plaintiff also wants the Court to order prison officials to either improve his living conditions or transfer him another institution. See generally, Plaintiff's Motion, with attached materials.

Injunctive relief is an extraordinary remedy which will not be granted unless there is a clear showing of entitlement to relief. The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 346-347 (4th Cir. 2009), cert. granted, judgment vacated on other grounds by, Real Truth About Obama, Inc. v. Federal Election Com'n, 130 S.Ct. 2371 (2010); see Winter v. Natural Resources Defense Counsel, Inc.,, 555 U.S. 7, 19-20 (2008); Stuhlbarg Int'l Sales Co., Inc., v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001)). In order to obtain such relief, a Plaintiff must establish: 1) the likelihood that the Plaintiff will succeed on the merits; 2) the likelihood of irreparable harm to the Plaintiff if the injunction is not granted; 3) that the balance of



equities tips in his favor; and 4) the injunction is in the public interest. Winter, 555 U.S. at 20. All four requirements must be satisfied. The Real Truth About Obama, Inc., 575 F.3d at 346. Further, to obtain relief Plaintiff must demonstrate more than the "possibility" of irreparable harm, because the Supreme Court has held that that standard is "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the Plaintiff is entitled to such relief". The Real Truth About Obama, Inc., 575 F.3d at 346, (citing Winter, 555 U.S. at 19-22).

Here, Plaintiff has failed to show entitlement to injunctive relief through his motion filed with the Court. Plaintiff will be able to fully litigate his access to court claim in his underlying action, and there is no basis for this Court to order Plaintiff's transfer to a different institution based on his general and conclusory claims that he is dissatisfied with his current housing or that he is in some unspecified danger. As Defendants correctly point out in their response, a review of the file and docket in this case shows that Plaintiff is able to actively litigate this matter, as is evidenced by his multiple filings. Plaintiff has demonstrated neither the clear likelihood of irreparable harm to him if the injunction is not granted, nor has he demonstrated a clear likelihood that he will succeed on the merits sufficient to justify the issuance of an injunction. The Real Truth About Obama, Inc., 575 F.3d at 346-347. Additionally, the issuance of an injunction such is being sought by the Plaintiff would undermine prison officials' ability to effectively manage these prisons and maintain order and discipline. Cf. Taylor v. Freeman, 34 F.3d 266, 269-270 (4th Cir. 1994)[Preliminary injunctive relief involving the management of prisons should be granted only under exceptional and compelling circumstances]; Joe v. Ozmint, No. 08-585, 2008 WL 5076858, * 3-4 (D.S.C. 2008). Finally, the public interest weighs in favor of policies which encourage security in prisons. Nicholas v. Ozmint,



3

No. 05-3472, 2006 WL 2711852, * 5 (D.S.C. Sept. 20, 2006); see Winter, 555 U.S. at 20 ["In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction"].

Therefore, as Plaintiff has failed to meet the standard for issuance of a preliminary injunction, it is recommended[1] that his motion be **denied**.

The parties are also referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 5, 2014
Charleston, South Carolina



---

[1] A report and recommendation is required on this motion pursuant to 28 U.S.C. § 636(b)(1)(A). See Milliner v. Champion, No. 91-5159, 1992 WL 142668 (10th Cir. June 23, 1992).

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a Defendants' Exhibit novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

